UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA

AQUILLUS DIXON, on behalf of himself
and all others similarly situated,

    Plaintiff,

v.

MISSISSIPPI TITLE LOANS, INC.,

    Defendant.
_____/

CASE NO.: _____

## CLASS ACTION COMPLAINT

Plaintiff, Aquillus Dixon, individually and on behalf of all others similarly situated, sues Defendant, Mississippi Title Loans, Inc., for violations of the Telephone Consumer Protection Act, 47 U.S.C. §227, *et seq*. ("**TCPA**"), and alleges on personal knowledge, investigation of his counsel, and on information and belief as follows:

### NATURE OF ACTION

1.    Plaintiff brings this class action for damages and other equitable and legal remedies resulting from the illegal conduct of Defendant in negligently or knowingly and/or willfully sending text messages to the cellular telephones of Plaintiff and putative Class Members for non-emergency purposes using an automatic telephone-dialing system without their prior express consent, in violation of the TCPA.

### JURISDICTION AND VENUE

2.    This Court has federal question jurisdiction over this matter because Plaintiff's claims arise from violations of the Telephone Consumer Protection Act, 47 U.S.C. §227, *et seq*., which is a law of the United States.

1

3. Under 28 U.S.C. § 1391, venue is proper in the Northern District of Georgia because many of the acts giving rise to this action occurred in this District, Defendant conducts business in this District, Defendant resides in this District and is subject to personal jurisdiction in this District, and Defendant has intentionally availed itself of the laws and markets within this District.

## PARTIES

4. Plaintiff, Aquillus Dixon ("**Plaintiff**"), is and was at all times relevant to this matter a citizen of the state of Mississippi.

5. Defendant, Mississippi Title Loans, Inc. ("**Defendant**" or "**Mississippi Title Loans**"), is a Mississippi corporation with a principle office located in Atlanta, Fulton County, Georgia. At all times relevant to this matter, Defendant was a citizen of the state of Georgia, and all relevant decisions regarding Defendant's violations of the TCPA were made in its principle office in Atlanta, Georgia.

## THE TELEPHONE CONSUMER PROTECTION ACT OF 1991, 47 U.S.C. § 227, *et seq.*

6. The TCPA, 47 U.S.C. §§ 227, *et seq.*, was enacted by Congress in 1991 to address consumer complaints about rampant telemarketing practices.

7. Section 227(b)(1)(A)(iii) bans the use of an autodialer to place telephone calls to cellular telephones unless the consumer has provided prior written consent to receive such calls, or the calls are placed for emergency purposes.

8. The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls. *Mims v. Arrow Fin. Servs., LLC*, --US--, 132 S. Ct., 740, 745, 181, L. Ed. 2d 881 (2012).

9. "Senator Hollings, the TCPA's sponsor, described these calls as 'the scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall.' 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended to give telephone subscribers another option: telling the autodialers to simply stop calling." *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242 (11th Cir. 2014).

## NATURE OF THE ACTION

10. Mississippi Title Loans is headquartered in Atlanta, Georgia and offers title loans, payday loans, and installment loans to consumers from approximately 30 locations throughout the state of Mississippi.

11. In an effort to increase its bottom line and garner market share in the title, payday and installment lending industry, Mississippi Title Loans engaged in a systemic marketing campaign through which it sent marketing text messages to the cellular telephone numbers of consumers, including Plaintiff and Class Members, using an automatic telephone dialing system ("**ATDS**"). However, Defendant did not obtain prior written express consent from consumers to send marketing text messages to their cellular telephone numbers. As a result, many consumers received the above-described unwanted text messages to their cellular telephone numbers from Defendant, despite having no business relationship with Defendant.

12. As a result of the text messages described above, Plaintiff and putative Class Members suffered an invasion of privacy, as well as particularized and concrete injuries, including the inducement of stress, anxiety, nervousness, embarrassment, distress, and/or aggravation. Plaintiff and putative Class Members also suffered out-of-pocket losses, including the monies paid to their wireless carriers for the receipt of such text messages. Additionally, due

to the text messages sent by or on behalf of Defendant, Plaintiff and putative Class Members suffered the expenditure of their time, exhaustion of their cellular telephone batteries, and trespass upon their respective chattels. All of the above-mentioned injuries were caused by, and/or directly related to, Defendant using an ATDS to send marketing text messages to Plaintiff and putative Class Members.

13. By sending the unsolicited autodialed text messages to consumers' cellular telephone numbers, Defendant caused Plaintiff and Class Members to suffer actual harm, including the aggravation and nuisance that necessarily accompanies the receipt of unsolicited text messages, and the monies paid to their wireless carriers for the receipt of such texts.

14. Defendant repeatedly sent, or caused to be sent, unsolicited text messages to consumers' cellular telephone numbers using an autodialer, in violation of the TCPA.

15. In response to Defendant's unlawful conduct, Plaintiff files the instant lawsuit and seeks an injunction requiring Defendant to cease sending all unsolicited text messages and an award of statutory damages and actual damages to Plaintiff and Class Members under the TCPA, together with litigation costs and expenses.

## PLAINTIFF'S FACTUAL ALLEGATIONS

16. At all relevant times, Plaintiff was an individual residing in the state of Mississippi. He is a "person" as defined by 47 U.S.C. § 153(39).

17. Plaintiff has been a Verizon subscriber since 2015 and holder of his cellular telephone number, (228) XXX-3672, since 2015.

18. Between November 2016 and March 2017, Defendant sent, or caused to be sent, approximately seven (7) marketing text messages to Plaintiff's cellular telephone number. The text messages originated from number (601) 273-4555.

19. All of the text messages were sent using an ATDS, which has the capacity to store or produce telephone numbers to be texted, using a random or sequential number generator (including but not limited to a predictive dialer) or an artificial or prerecorded voice and to dial such numbers, as specified by 47 U.S.C § 227(a)(1).

20. Defendant's text messages, as received by Plaintiff, contained information including, but not limited to, the following promotions:

- Terri, you may be eligible for cash up to $600. Call Mississippi Title Loans @ 228-467-9838. No reply. To unsubscribe call 800-922-8803; and

- Terri, you may be eligible for cash up to $700. Call Mississippi Title Loans @ 228-467-9838. No reply. To unsubscribe call 800-922-8803

21. Following receipt of the above text messages, Plaintiff called the 800-number identified in the text messages, (800) 922-8803, to request that the text messages cease. Following this request, Plaintiff received at least two additional text messages from Defendant with language identical to the above marketing messages.

22. Plaintiff has never had a business or other relationship with Mississippi Title Loans. Plaintiff is not currently, and has never been, known by the name Terri.

23. Plaintiff did not provide his cellular telephone number to Defendant, nor did he ever provide prior express consent for Defendant to send text messages to his cellular telephone number regarding Mississippi Title Loans, payday loans, or any other subject matter.

24. The telephone number Defendant used to contact Plaintiff via an automatic telephone-dialing system was assigned to a cellular telephone service, as described in 47 U.S.C. § 227(b)(1)(A)(iii).

25. The pertinent text messages were not sent for emergency purposes, as defined in 47 U.S.C. § 227(b)(1)(A).

26. Defendant's sending of text messages using an automatic telephone-dialing system for non-emergency purposes and without Plaintiff's prior express consent violated 47 U.S.C. § 227(b)(1)(A).

27. Pursuant to Federal Rules of Civil Procedure 23(a), (b)(2), (b)(3) and (c)(4) and as detailed in the individual counts below, Plaintiff brings this action on behalf of himself and all others similarly situated. Specifically, Plaintiff seeks to represent the following persons ("**the Class**" or "**Class Members**"):

> All persons in the United States who, between June 15, 2013 and the present, (1) received a non-emergency text message to their cellular telephone numbers; (2) through the use of an automatic telephone dialing system; (3) from Defendant; (4) regarding Mississippi Title Loans.

The Class definition is subject to amendment as needed.

28. Excluded from the Class are Defendant, its employees, agents and assigns, and any members of the judiciary to whom this case is assigned, their Court staff, and Plaintiff's counsel. Also excluded from this action are any claims for personal injury, wrongful death and/or emotional distress. Members of the above-defined Class can be easily identified through Defendant's records.

**Numerosity**

29. At the time of filing, Plaintiff does not know the exact number of putative Class Members. However, given that there are approximately 30 Mississippi Title Loans locations throughout the state of Mississippi and that marketing text messages are typically sent in large volume, Class Members likely number in the thousands.

30. The alleged size and geographic disbursement of the putative Class, and relatively modest value of each individual claim, makes joinder of all Class Members impracticable or impossible.

### **Predominance of Common Questions of Law and Fact**

31. This action involves common questions of law and fact, which predominate over any questions affecting individual Class Members. The common legal and factual questions include at least the following:

    a. whether Defendant used an automatic telephone-dialing system to send marketing text messages to cellular telephone numbers;

    b. whether between June 15, 2013 and the present, Defendant used an automatic telephone-dialing system to send marketing text messages to the cellular telephone numbers of Plaintiff and putative Class Members;

    c. whether Defendant is subject to the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, *et seq.*;

    d. whether Defendant can show that it obtained prior express consent from Plaintiff and putative Class Members to send marketing text messages to their cellular telephone numbers using an automatic telephone-dialing system;

    e. whether Defendant's conduct violates the TCPA;

    f. whether Defendant's conduct was negligent;

    g. whether Defendant's conduct was knowing and/or willful;

    h. whether Defendant is liable for damages, and the amount of such damages;

  i. whether Plaintiff and putative Class Members are entitled to declaratory relief;

  j. whether Defendant should be enjoined from engaging in such conduct in the future; and

  k. whether Plaintiff and Class Members are entitled to any other remedy.

### **Typicality**

32. Plaintiff's claims are typical of the claims of the putative Class Members, as Plaintiff and Class Members have been injured by Defendant's uniform misconduct – the sending of marketing text messages to cellular telephone numbers for non-emergency purposes using an automatic telephone-dialing system without prior express consent.

33. Plaintiff shares the aforementioned facts and legal claims and/or questions with all putative Class Members. Further, a sufficient relationship exists between Defendant's conduct and the damages sustained by Plaintiff and putative Class Members.

### **Adequacy**

34. Plaintiff will fairly and adequately protect the interests of putative Class Members and is committed to the vigorous prosecution of this action. Plaintiff has retained counsel experienced in complex consumer class action litigation and matters specifically involving TCPA violations. Plaintiff intends to prosecute this action vigorously, and has no interest adverse or antagonistic to those of the Class.

### Superiority

35. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Individual joinder of all Class Members' claims is impracticable or impossible for at least the following reasons:

    a. The Class claims predominate over any questions of law or fact (if any) affecting only individual Class Members;

    b. Absent a Class, the Class Members will continue to suffer damage and Defendant's violations of the TCPA will continue without remedy;

    c. Given the size of individual Class Members' claims, few (if any) putative Class Members could afford to or would seek legal redress individually for the wrongs Defendant committed and continues to commit against them, and absent Class Members have no substantial interest in individually controlling the prosecution of individual actions;

    d. Individualized litigation would create the danger of inconsistent or contradictory judgments arising from the same set of facts, while also increasing the delay and expense to all parties and the courts. Comparatively, the class action device provides economies of scale and allows Class Members' claims to be comprehensively administered and uniformly adjudicated in a single proceeding;

    e. When the liability of Defendant has been adjudicated, claims of all Class Members can be administered efficiently and determined uniformly by the Court;

f.   No difficulty impedes the action's management by the Court as a class action, which is the best available means by which Plaintiff and Class Members can seek redress for the damages caused to them by Defendant's uniform misconduct;

g.   The litigation and trial of Plaintiff's claims are manageable;

h.   Defendant has acted and/or refused to act on grounds generally applicable to Plaintiff and the Class by sending text messages to their cellular telephone numbers for non-emergency purposes and without their prior express consent, rendering just and appropriate final injunctive relief for the Class; and

i.   Because Plaintiff seeks injunctive relief and corresponding declaratory and equitable relief for the entire Class, the prosecution of separate actions by individual Class Members would create a risk of inconsistent or varying adjudications with respect to individual Class Members, and establishing incompatible standards of conduct for Defendant.  Additionally, bringing individual claims would burden the courts and result in an inefficient method of resolving this action.  As a practical matter, adjudications with respect to individual Class Members would be dispositive of the interests of other Class Members who are not parties to the adjudication and may impair or impede their ability to protect their respective interests.  Consequently, class treatment is a superior method for adjudication of the issues in this case.

## CAUSES OF ACTION

### COUNT I
**Negligent Violation of the Telephone Consumer Protection Act**
**47 U.S.C. §§ 227, *et seq.***

36. Plaintiff incorporates by reference the allegations in Paragraphs 1 through 35 as if fully set forth herein.

37. Without prior express consent, Defendant sent text messages for non-emergency purposes to the cellular telephones of Plaintiff and Class Members using an automatic telephone-dialing system with the capacity to store or produce telephone numbers to be called.

38. The foregoing acts constitute numerous and multiple negligent violations of the TCPA, including, but not limited to, each of the above-cited provisions of 47 U.S.C. §§ 227, *et seq*.

39. Under 47 U.S.C. § 227(b)(3)(B), and as a result of the alleged negligent violations of the TCPA, Plaintiff and Class Members are entitled to an award of actual damages and $500.00 in statutory damages for each and every non-emergency text message sent in violation of the TCPA.

40. Plaintiff and Class Members are also entitled to and seek injunctive relief prohibiting future violations of the TCPA.

41. Plaintiff and Class Members are also entitled to an award of litigation costs.

### COUNT II
**Knowing and/or Willful Violation of the Telephone Consumer Protection Act**
**47 U.S.C. §§ 227, *et seq.***

42. Plaintiff incorporates by reference the allegations in Paragraphs 1 through 35 as if fully set forth herein.

43. Without prior express consent, Defendant sent text messages for non-emergency purposes to the cellular telephone numbers of Plaintiff and Class Members using an automatic telephone-dialing system with the capacity to store or produce telephone numbers to be called.

44. The foregoing acts constitute numerous and multiple knowing and/or willful violations of the TCPA, including, but not limited to, each of the above cited provisions of 47 U.S.C. §§ 227, *et seq*.

45. Pursuant to 47 U.S.C. § 227(b)(3)(B), and as a result of the alleged knowing and/or willful violations of the TCPA, Plaintiff and Class Members are entitled to an award of actual damages and $1,500.00 in statutory damages for each and every non-emergency text message sent in violation of the statute.

46. Plaintiff and Class Members are also entitled to and seek injunctive relief prohibiting future violations of the TCPA.

47. Plaintiff and Class Members are also entitled to an award of litigation costs.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court grant Plaintiff and all putative Class Members the following relief against Defendant:

A. $500.00 in statutory damages for each and every text message negligently sent by Defendant in violation of 47 U.S.C. § 227(b)(1) of the TCPA;

B. $1,500.00 in statutory damages for each and every text message willfully sent by Defendant in violation of 47 U.S.C. § 227(b)(1) of the TCPA;

C. An award of actual damages resulting from Defendant's violations of the TCPA;

D. Injunctive relief prohibiting future violations of the TCPA;

E. An award of litigation costs and expenses to Plaintiff's counsel;

F.   An order certifying this matter as a class action pursuant to Federal Rule of Civil Procedure 23, certifying the Class defined herein, appointing Plaintiff as Class Representative, and appointing Plaintiff's counsel as Class Counsel; and

G.   Any additional relief that the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all counts so triable.

Dated: June 30, 2017                    Respectfully submitted,

**MORGAN & MORGAN, P.A.**

*/s/ Andrew L. Hagenbush*
Andrew L. Hagenbush (Georgia Bar No. 127945)
191 Peachtree Street NE, Suite 4200
Atlanta, GA 30343-1007
Telephone: (404) 965-1782
Email: ahagenbush@forthepeople.com

and

**MORGAN & MORGAN**
**COMPLEX LITIGATION GROUP**
Rachel Soffin (Georgia Bar No. 255074)
Jonathan B. Cohen (Florida Bar No. 0027620)*
John A. Yanchunis (Florida Bar No. 324681)*
201 N. Franklin St., 7th Floor
Tampa, FL 33602
Telephone: (813) 223-5505
Facsimile: (813) 222-2434
rsoffin@forthepeople.com
jcohen@forthepeople.com
jyanchunis@forthepeople.com

* pending *pro hac vice* application

*Attorneys for Plaintiff*